UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Darrell J. Harper, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case: 1:15-cv-01172 |
| v. | ) | Assigned To : Unassigned |
| | ) | Assign. Date : 7/21/2015 |
| United States of America, | ) | Description: Pro Se Gen. Civil |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a Texas state prisoner incarcerated in Huntsville, Texas. He purports to sue the United States under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which authorizes a private cause of action against federal officials for violating constitutional rights. Plaintiff demands $100 million in monetary damages.

Since plaintiff has not named an individual defendant, his *Bivens* claim fails as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (In a *Bivens* lawsuit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Regardless, under the doctrine of sovereign immunity, the United States is subject to suit only upon consent, which must be clear and unequivocal. *United States v.*

1

*Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text[.]"). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The United States has not consented to be sued for constitutional violations. *See FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).

To the extent that plaintiff is suing for "negligent supervision," Compl. at 1, jurisdiction is wanting because plaintiff has not indicated that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . .," 28 U.S.C. § 2675, and this exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

DATE: July 15, 2015